UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - MOTION TO DISMISS CASE (Docket #25, filed May 29, 2013)

                APPLICATION TO REMAND (Docket #14, filed April 8, 2013)

## I.  INTRODUCTION

Plaintiff filed the instant action in Los Angeles County Superior Court, and on March 13, 2013, defendants removed the case to this Court.  Plaintiff's complaint seeks to recover damages and prevent the foreclosure of her home.

Before this case was removed, plaintiff requested a temporary restraining order and preliminary injunction preventing defendants from foreclosing on plaintiff's home.  The state court held a hearing on the requests on February 25, 2013, at which no appearance was made on behalf of defendants.  The state court issued the requested preliminary injunction at the hearing, subject to plaintiff posting an undertaking in the amount of $50,000 by March 11, 2013.  Dkt. #1 at 62 – 63.

On April 15, 2013, the Court dismissed plaintiff's complaint without prejudice pursuant to Federal Rule of Civil Procedure 8.  Dkt. #17.  On May 28, 2013, plaintiff filed a First Amended Complaint ("FAC"), which alleges claims for rescission, breach of contract, unfair business practices pursuant to California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, and declaratory relief.  Plaintiff's FAC seeks damages in excess of $50,000, and an injunction preventing defendants from continuing with a foreclosure of her home.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

On May 29, 2013, defendants filed a motion to dismiss the FAC. Plaintiff filed an opposition on June 14, 2013, and defendants replied on June 18, 2013. The Court heard oral argument on July 1, 2013. At that time, the parties agreed to attempt to mediate this dispute. Those efforts were unsuccessful. Therefore, after considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

This case arises out of defendants' attempts to foreclose on real property located at 25431 Prado Las Fresas in Calabasas, California ("the property"). FAC ¶ 1. On July 27, 2006, plaintiff executed a note in favor of non-party American Home Mortgage ("AHM"), which was secured by a deed of trust to the property. Id. ¶ 9. At some subsequent point in time, Citibank, N.A. ("Citibank") acquired AHM's interest in the note. Id.

Plaintiff alleges that prior to executing the note, none of AHM's agents disclosed certain material and misleading aspects of the note. Id. ¶¶ 11 – 12. Specifically, plaintiff alleges that her note was a negative amortization loan with a variable interest rate, and that none of AHM's agents disclosed the fact that her monthly payments would therefore increase drastically increase over the course of her loan. Id. ¶¶ 13 – 14. While plaintiff admits that the terms of the loan documents disclosed information regarding the possible fluctuations in her loan payments, she claims that due to the confusing, vague, and contradictory language in the documents, she was unable to comprehend the documents she executed. Id. ¶¶ 12 – 15. Plaintiff alleges that AHM's agents intentionally failed to disclose the changes in interest rates and monthly payments with intent to deceive plaintiff and induce her to execute the note. Id. ¶ 15.

At some point before August 7, 2012, plaintiff defaulted on the note. On August 7, 2012, plaintiff and defendant Citibank entered into a Forbearance Agreement. FAC ¶ 20, Ex. 3. The terms of this agreement provided that plaintiff would make three monthly payments to Citibank in the amount of $14,033.38, and that in exchange, Citibank would not initiate a trustee's sale during the months covered by the agreement. Id. ¶ 21. Additionally, the Forbearance Agreement provides that if plaintiff is unable to cure her default prior to the expiration of the agreement, plaintiff will be considered for a loan modification. FAC ¶ 21, Ex. 3. Plaintiff alleges that she timely made the first two monthly payments under the Forbearance Agreement, but that contrary to the terms of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

agreement, Citibank conducted a trustee's sale in September 2012. Id. ¶ 23. After the sale was conducted, Citibank allegedly refused to accept the third monthly payment due under the Forbearance Agreement. Id. ¶ 24. While Citibank rescinded the trustee's sale on September 28, 2012, plaintiff alleges that they still refused to accept payment following the rescission. Id. Additionally, plaintiff alleges that Citibank will not attempt in good faith to offer her a reasonable loan modification. Id. ¶ 26.

## III. LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

 Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

 For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

 As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

  **B.** **Rule 9(b)**

 Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV. ANALYSIS

### A. Motion to Dismiss

The first claim in the FAC is plaintiff's claim for rescission. A claim for rescission seeks to extinguish a contract. Cal. Civ. Code § 1688. A party may rescind a contract "[i]f the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689. Where, as here, a party seeks to rescind a contract due to alleged fraud in the inducement, the party must allege that he or she justifiably relied on misrepresentations made with the intent to induce him or her to execute the contract. Wilke v. Coinway, Inc., 257 Cal. App. 2d 126, 136 (1967). Additionally, the party must allege that but for his or her reliance on the misrepresentations, the contract would not have been executed. Merced County Mut. Fire Ins. Co. v. State of California, 233 Cal. App. 3d 765, 772 (1991).

Plaintiff's claim for rescission seeks to extinguish the note and deed of trust on the grounds that her consent was induced by fraudulent misrepresentations. Since this claim sounds in fraud, the FAC must comply with the heightened pleading standard set out in Rule 9(b). Plaintiff's claim for rescission should be dismissed for failure to meet the heightened pleading requirement. The FAC alleges that AHM presented plaintiff with an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

artificially low "teaser" interest rate and monthly payment schedule, but that in actuality, the payment schedule that would be required involved far higher monthly payments. FAC ¶ 12. These general allegations are not sufficient. At a minimum, plaintiff must allege what initial monthly payment rate she was offered in connection with closing, and what payment schedule was necessary to pay off the loan.[1]

Plaintiff's second claim is for breach of the Forbearance Agreement. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990). Additionally, although legal relief is the remedy typically available under California law for breach of contract, specific performance of an obligation can also be ordered as a remedy, except in certain circumstances enumerated by California law. See Cal. Civ. Code §§ 3274, 3384.

Plaintiff has alleged the elements of a claim for breach of contract. The FAC states that she performed all of her responsibilities under the Forbearance Agreement, but that defendant breached the agreement by selling the property at a trustee's sale and failing to consider plaintiff for a loan modification. FAC ¶¶ 21 – 26. Defendants assert three reasons that plaintiff's claim should nonetheless be dismissed, but all are unavailing. First, defendants argue that this claim is not pled with the requisite specificity because plaintiff did not allege the circumstances under which she attempted to make the third payment due under the agreement. Plaintiff's breach of contract claim does not, however, sound in fraud, and therefore this level of specificity is not required.

Second, defendants argue that because plaintiff did not make the third payment due under the Forbearance Agreement, she cannot state a claim for breach of contract because she did not substantially perform. This argument is inconsistent with the pleading. The FAC states that plaintiff attempted to make the third payment, but that her payment was refused because a trustee's sale had taken place, in breach of the agreement.

---

[1] Plaintiff's claim under the UCL appears to arise out of the alleged deceptive conduct connected to the execution of the note. Consequently, this claim should be dismissed pursuant to Rule 9(b) as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

Accordingly, plaintiff has pled that she substantially performed all of her duties under the Forbearance Agreement.

Third, defendants argue that this claim should be dismissed because it seeks to either prevent or temporarily delay a trustee's sale of the property, but plaintiff has not alleged tender. Here, however, tender is not required because the September 2012 trustee's sale was rescinded, and a subsequent trustee's sale has not yet taken place. "A number of courts have explicitly held that the tender rule applies only in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." Pfeifer v. Countywide Home Loans, Inc., 211 Cal. App. 4th 1250, 1280 (2012).[2]

Accordingly, defendants' arguments for dismissing plaintiff's claim for breach of contract are unavailing, and hence the motion to dismiss that claim is denied.

### B. Motion to Remand

Plaintiff's motion to remand this case asserts that the amount in controversy is less than $75,000, making diversity jurisdiction improper. Since plaintiff is seeking a permanent injunction preventing defendants from executing a trustee's sale on the property, which was purchased in July 2006 for over two million dollars, the amount in controversy requirement is plainly met. Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 (9th Cir. 2011) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

---

[2] Additionally, since there is a controversy as to the meaning and effect of parties' rights under the Forbearance Agreement, a claim for declaratory relief is proper. See, e.g., Panhandle Eastern Pipe Line Co. v. Michigan Consol. Gas Co., 177 F.2d 942, 944 (6th Cir. 1949) ("That, where there is controversy as to the meaning and effect of a written contract[,] interpretation may be sought from and made by the declaratory judgment of a court having jurisdiction over the parties, there is no doubt.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:13-CV-01814 -CAS(JPRx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | *KATHLEEN ANGEL EISENBERG v. CITIBANK N.A.; ET AL.* | | |

## V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby granted in part and denied in part. Plaintiff's claims for rescission and plaintiff's UCL claim are hereby dismissed without prejudice. Otherwise, defendants' motion is denied. Additionally, plaintiff's motion to remand the case is denied.

IT IS SO ORDERED.

                                                                                                                         00   :   00

                                                            Initials of Preparer        CMJ