UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Goodfriend | Nicole Dunn (By Telephone) |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS (Filed August 29, 2016, Dkt. 109)

## I.   INTRODUCTION

On February 8, 2013, Kathleen Eisenberg filed the instant action in Los Angeles County Superior Court against Citibank, N.A., as trustee for American Home Mortgage Assets Trust 2006-4 Mortgage-Backed Pass-Through Certificates Series 2006-4 ("Citibank"); Homeward Residential, Inc. ("Homeward"); Power Default Services, Inc. ("Power"); and Does one through 40, inclusive[1].  Dkt. 1.  On March 13, 2013, defendants removed the case to this Court.  Dkt. 1.  Plaintiff's complaint seeks to recover damages and prevent the foreclosure of her home.

On April 15, 2013, the Court dismissed plaintiff's complaint without prejudice pursuant to Federal Rule of Civil Procedure 8.  Dkt. 17.

On May 28, 2013, plaintiff filed a First Amended Complaint ("FAC"), alleging claims for (1) rescission, (2) breach of contract, (3) unfair business practices pursuant to California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 et seq., and (4) declaratory relief.  On May 29, 2013, defendants filed a motion to dismiss the FAC. At that time, the parties agreed to attempt to mediate this dispute.

---

[1] The operative Second Amended Complaint continues to list more than ten Does, in contravention of Local Rule 19-1.  To date, no fictitiously named party has been identified.  For purposes of this order, the Court refers to Citibank, Homeward, and Power collectively as "defendants."

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

Those efforts were unsuccessful. On June 15, 2016, the Court dismissed plaintiff's first and third causes of action without prejudice, but denied defendants' motion with respect to plaintiff's breach of contract and declaratory judgment causes of action. Dkt. 89.

On August 24, 2016, plaintiff filed the operative Second Amended Complaint ("SAC"). Dkt. 108. On August 29, 2016, defendants filed a motion to dismiss the SAC, which was originally scheduled for a hearing on October 17, 2016. Dkt. 109. On September 30, 2016, defendants filed a reply noting plaintiff's failure to file an opposition. Dkt. 111. On October 2, 2016, plaintiff filed an untimely opposition as well as an application to continue the hearing from October 17, 2016, to October 31, 2016. Dkt. 112-13. On October 5, 2016, the Court granted plaintiff's motion to continue the hearing on this matter and permitted defendants to file a further reply. Dkt. 115. On October 6, 2016, defendants filed a further reply in support of their motion to dismiss the SAC. Dkt. 116.

Having carefully considered the parties' arguments, the court rules as follows.

## II. BACKGROUND

This case arises out of defendants' attempts to foreclose on real property located at 25431 Prado Las Fresas in Calabasas, California ("the Property"). SAC ¶ 1. On July 27, 2006, plaintiff executed a note in favor of non-party American Home Mortgage ("AHM"), which was secured by a deed of trust to the property. Id. ¶ 9. The note was for a loan of $2,201,000. Id. Monthly mortgage payments on the $2,201,000 loan were governed by an Adjustable Rate Rider ("ARR"). Id. 9.

At some subsequent point in time, Citibank acquired AHM's interest in the note. Id. Plaintiff alleges that prior to executing the note, none of AHM's agents disclosed certain material and misleading aspects of the note. Id. ¶¶ 11-12. Specifically, plaintiff alleges that the "dire consequences of her negative amortization loan were never explained," and that:

> To the contrary, in or about July 2006, up to and including July 24, 2006, AHM specifically orally represented and promised to Plaintiff, in person and on the telephone, . . . that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

(a) the initial interest rate of 2.65% would remain in effect for six months,

(b) the monthly payment would not increase by more than 10% per year for at least the first three years of the loan,

(c) the loan would not be re-amortized to increase the monthly payments unless the outstanding balance increased to more than 125% of the original principal balance, and

(d) any negative amortization charges would be reasonable and not excessive.

Plaintiff does not know the name of job title of the person or persons who made such representations to her, but is informed and believes and based thereon alleges that it was the person or persons who were authorized by AHM to deal with Plaintiff on its behalf and that Defendants know or should know such information from their own records.

Id. ¶ 11.[2] Plaintiff alleges that these oral representations were false and misleading.

Plaintiff alleges that the loan documents, which she signed, were presented to her the night before escrow was scheduled to close. Id. ¶ 10. Plaintiff alleges that the loan papers were not explained to her and that she was not able to review them or have them reviewed by an attorney or other advisor. Id. Plaintiff alleges that she signed the documents "under the duress of having to obtain a loan to complete her purchase of the Property without losing deposits of approximately $200,000 if escrow was not closed by in or about July 2006." Id.

Plaintiff's initial payments on her loan were $7,441.82 per month. Plaintiff attached a copy of the ARR to her complaint with her signature. Dkt. 108 Ex. 1. In the

---

[2] The allegation that an agent or agents of AHM orally represented these terms to plaintiff on or before plaintiff signed the note did not appear in the FAC and appears to be the principal change to the plaintiff's allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

top and center of the first page is the phrase "**FIRST FIVE YEAR FIXED PAYMENT**." In the center of the first page is a paragraph which reads:

> THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. . . . THE AMOUNT OF MY MONTHLY PAYMENT MAY NOT FULLY PAY THE INTEREST THAT ACCRUES. AS A RESULT, THE PRINCIPAL AMOUNT I MUST REPAY COULD BE LARGER THAN THE AMOUNT I ORIGINALLY BORROWED, BUT NOT MORE THAN ___110.00%___ OF THE ORIGINAL AMOUNT. . . .

Id. Below that paragraph is another which reads:

> **A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
> Interest will be charged on unpaid Principal until the full amount has been paid. I will pay interest at a yearly rate of ___2.650 %___ until ___July 31, 2006___ and the initial monthly payment provided for in the Note will be based on this rate. Commencing ___August 1, 2006___, I will pay interest at a yearly rate of ___8.732___%. Thereafter, the interest rate I will pay may change in accordance with Section 4 of the Note.

Id. Subsequent provisions of the ARR appear to provide a method for determining plaintiff's monthly payments and a separate method for determining an adjustable interest rate on a monthly basis. The ARR also provides that, in the event that negative amortization causes the amount of unpaid principal to exceed 110% of the original loan, monthly payments will immediately be adjusted to the amount necessary to repay the principal in full by the loan's maturity date, August 1, 2046. Id.

While plaintiff admits that the terms of the loan documents disclosed information regarding the possible fluctuations in her loan payments, she claims that due to the confusing, vague, and contradictory language in the documents, she was unable to comprehend the documents she executed. Id. ¶¶ 12-15. Plaintiff alleges that AHM's agents intentionally made oral promises to her, failed to disclose the material terms of the loan, and that she relied upon AHM's representations. Id. ¶ 15. Plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

AHM misled her regarding the amount of negative amoritization that would occur and what implications that would have for her payment schedule. Id. ¶ 16.

Plaintiff alleges that in June 2008, her monthly payments changed from $7,442 to $16,623 and remained "approximately twice or more the initial monthly payment at all times thereafter." Id. ¶ 16. Plaintiff alleges that this change in monthly payments contravened AHM's representations to her at the time she executed the note. Id. Plaintiff alleges that she "did not discover, and in the exercise of reasonable diligence, could not have discovered, the wrongful conduct which infects the loan documents and entitles plaintiff to avoid their enforcement," until plaintiff retained counsel in February 2013. Id. ¶ 21.

At some point before August 7, 2012, plaintiff defaulted on the note. On August 7, 2012, plaintiff and defendant Citibank entered into a Forbearance Agreement. Id. ¶ 23, Ex. 3. The terms of this agreement provided that plaintiff would make three monthly payments to Citibank in the amount of $14,033.38, and that in exchange, Citibank would not initiate a trustee's sale during the months covered by the agreement. Id. ¶ 24. Additionally, the Forbearance Agreement provides that if plaintiff is unable to cure her default prior to the expiration of the agreement, plaintiff will be considered for a loan modification. Id. Plaintiff alleges that she timely made the first two monthly payments under the Forbearance Agreement, but that contrary to the terms of the agreement, Citibank conducted a trustee's sale in September 2012. Id. ¶ 25. After the sale was conducted, Citibank allegedly refused to accept the third monthly payment due under the Forbearance Agreement. Id. ¶ 29. While Citibank rescinded the trustee's sale on September 28, 2012, plaintiff alleges that they still refused to accept payment following the rescission. Id. ¶ 27. Additionally, plaintiff alleges that Citibank will not attempt in good faith to offer her a reasonable loan modification. Id. ¶ 29.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff's Rescission and UCL Claims

#### 1. Statute of Limitations

Defendants argue that plaintiff's rescission claim is barred by the statute of limitations. Plaintiff's rescission and UCL claims rely upon the same underlying facts. Furthermore, as discussed below, both plaintiff's rescission and UCL claims are governed by analogous statute of limitations requirements.

Claims pursuant to the UCL are governed by a four-year statute of limitations, Cal. Bus. & Prof.Code § 17208, which commences when plaintiff discovers the facts constituting a violation of the UCL, Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1196, 292 P.3d 871, 878 (2013).

Similarly, an action for rescission of a written contract must be brought within a four-year statute of limitations. Cal. Civ. Proc. Code § 337. A rescission claim accrues as soon as "the facts that entitle the aggrieved party to rescind occur[]." Id. However, "[w]here the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Id. § 337 (3).

AHM's alleged misrepresentations occurred on or before July 27, 2006, as did plaintiff's alleged reliance upon AHM's claims about her loan. Plaintiff's complaint was filed more than six years later on February 8, 2013. Nonetheless, plaintiff argues that the statute of limitations should commence in early 2013 because she "did not discover, and in the exercise of reasonable diligence, could not have discovered, the wrongful conduct which infects the loan documents and entitles plaintiff to avoid their enforcement," until plaintiff retained counsel in February 2013. SAC ¶ 21.

> "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the [delayed] discovery rule must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer."

E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1319 (2007) (quoting McKelvey v. Boeing North American, Inc., 74 Cal.App.4th 151, 160 (1999)). "To excuse failure to discover the fraud," plaintiff must "plead 'facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry.'" Cansino v. Bank of Am., 224 Cal. App. 4th 1462 (2014) (quoting Hobart v. Hobart Estate Co., 26 Cal.2d 412, 437, 159 P.2d 958 (1945)).

    Plaintiff has not alleged that she lacked actual or presumptive knowledge of the facts establishing her claim. Plaintiff's claim is based on alleged oral representations and alleged misleading loan terms. On July 27, 2006, when plaintiff signed the loan paperwork, plaintiff had constructive notice of her loan's terms. See Brown v. Wells Fargo Bank, NA, 168 Cal. App. 4th 938, 959, 85 Cal. Rptr. 3d 817, 834 (2008) (citing Brookwood v. Bank of America, 45 Cal.App.4th 1667, 1674 (1996)) ("Reasonable diligence requires a plaintiff to read a contract before they sign it").

    Plaintiff's conclusory allegation that the loan's terms were too complex to understand without an attorney does not entitle her to the benefit of delayed discovery. Even where plaintiff's underlying loan appears complex and includes an adjustable interest rate, courts routinely find that the statute of limitations runs from the date the underlying loan is executed. See e.g. Diep v. Wells Fargo Bank, 2014 WL 5089420, at *5 (C.D. Cal. Oct. 9, 2014) (no tolling where plaintiffs were in possession of mortgage documents with terms they alleged were not understandable); Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009) (no tolling despite allegations that English was plaintiffs' second language, plaintiffs were unfamiliar with mortgages, and disclosures were unclear); Pascual v. Wells Fargo Bank, N.A., 2013 WL 4066946, at *4 (N.D. Cal. Aug. 8, 2013) (no tolling for failure to uncover alleged fraud because "[a]ll loan terms were contained in the loan documents that Plaintiff signed, so even if Plaintiff did not read them, he had constructive notice of all terms at the time of origination").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

To the extent plaintiff's claim relies upon separate oral statements by an AHM representative, those allegations have no effect upon when her claim accrued or whether the statute of limitations should begin to run at a later date. As plaintiff acknowledges, the terms of the ARR contradicted AHM's alleged oral representations. SAC ¶ 16. Accordingly, plaintiff had constructive notice that AHM's oral representations were false as soon as she signed the ARR. Even if plaintiff could be excused from examining the terms of her loan because of AHM's alleged oral representations, she had inquiry notice that those oral representations were false when her monthly payments more than doubled in June 2008. See Romo v. Wells Fargo Bank, N.A., 2016 WL 324286, at *5 (N.D. Cal. Jan. 27, 2016) (finding that due diligence required examination of monthly statements).

The statute of limitations on plaintiff's rescission claim and UCL claim began to run as soon as they accrued on July 27, 2006. Accordingly, plaintiff failed to bring these claims within the four-year statute of limitations.

### 2. Particularity

In addition to being barred by the statute of limitations, plaintiff's rescission and UCL claims are not alleged with adequate particularity to satisfy the heightened pleading standards of Rule 9(b). On June 15, 2016, the Court dismissed plaintiff's rescission and UCL claims on this basis.

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that the circumstances constituting a claim for fraud be pled with particularity. Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba–Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir.2003).

A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir.1973). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir.2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

The Court previously dismissed plaintiff's rescission and UCL claims because the FAC's general allegations regarding an artificially low "teaser" rate and monthly payment schedule were insufficient to satisfy Rule 9(b)'s particularity requirement with respect to the acts constituting fraud. Plaintiff's subsequent alterations to the operative complaint have not cured the defect previously identified and the Court continues to view its previous reasoning as controlling.[3]

Plaintiff now alleges, for the first time, that an agent of AHM made misleading oral representations to her prior to her executing the note at issue in this action. Plaintiff alleges that at an undetermined time in July 2006, an unidentified person with unidentified authority made misleading representations to plaintiff on AHM's behalf. SAC ¶ 11. However, these allegations do not satisfy Rule 9(b)'s particularity requirements. Plaintiff has failed to allege adequate factual details regarding "who, what,

---

[3] Plaintiff relies upon Boschma v. Home Loan Center, Inc., 198 Cal.App.4th 230 (2011), for her argument that the loan terms alone are sufficient to allege facts constituting fraud. Plaintiff's reliance on Boschma is misplaced because plaintiff's loan is distinguishable from that in Boschma. The Boschma court concluded that a complaint adequately pleads a fraud-based claim where defendant never clearly disclosed (1) that plaintiff's initial interest rate would expire and (2) that the loan would then accrue interest at a substantially higher rate. Id. at 249. In this case, plaintiff's loan's terms clearly disclosed both.

As in Boschma, unless plaintiff paid in excess of the initial monthly payments, negative amortization was, for practical purposes, guaranteed. However, plaintiff here was not required to understand a variable interest rate formula in order to determine whether and when her teaser interest rate would expire. Unlike the loan at issue in Boschma, the first page of plaintiff's ARR provides a specific date on which the teaser interest rate expired, July 31, 2006. Furthermore, unlike that in Boschma, the ARR provides an example subsequent interest rate "near the rate that would result from the application of the variable rate formula." Id. at 250. Specifically, the ARR provides that the loan accrued interest at a rate of 8.732% for the month of August 2006 before the variable interest rate formula took effect. Accordingly, plaintiff's allegations are not like those deemed sufficient to allege a claim for relief in Boschma, and the Court's previous reasoning remains applicable.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | October 31, 2016 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

when, where and how," Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)), AHM made the alleged misleading oral representations.

Because plaintiff's rescission and UCL claims are not pleaded with adequate particularity and because they are barred by the statute of limitations, defendants' motion to dismiss is **GRANTED** with respect to plaintiff's first and third claims.

**V.   CONCLUSION**

Defendants' motion to dismiss plaintiff's first and third claims for relief is **GRANTED**.[4]

Plaintiff's counsel shall confer with plaintiff and file a declaration no later than ten (10) days from the issuance of this order explaining whether or not the foregoing defects can be cured. Thereafter, if plaintiff contends that the foregoing defects can be cured, the SAC shall be dismissed **without prejudice** and plaintiff is granted an additional ten (10) days leave in which to file a Third Amended Complaint.  If plaintiff determines that the foregoing defects cannot be cured, then plaintiff's SAC shall be dismissed **with prejudice**.

IT IS SO ORDERED.

|  | 00 | 07 |
|---|---|---|
| Initials of Preparer | CMJ | |

---

[4] Plaintiff's breach of contract claim appears to be based upon the parties' August 7, 2012, Forbearance Agreement.  Plaintiff's declaratory relief claim seeks resolution of the parties' respective rights in the Property.  Although defendants Notice of Motion appears to seek dismissal of the SAC in its entirety, defendants' motion makes no mention of plaintiff's second or fourth claims.  In ruling upon defendants' motion to dismiss the FAC, the Court denied defendants' motion with respect to plaintiff's breach of contract claim and declaratory relief claim.  Dkt. 89.  Accordingly, it appears that defendant's motion is not intended to address the second and fourth claims for relief.