UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO DISSOLVE OR MODIFY THE PRELIMINARY INJUNCTION (Filed October 21, 2016, Dkt. 118)

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On February 8, 2013, Kathleen Eisenberg filed the instant action in Los Angeles County Superior Court against Citibank, N.A., as trustee for American Home Mortgage Assets Trust 2006-4 Mortgage-Backed Pass-Through Certificates Series 2006-4 ("Citibank"); Homeward Residential, Inc. ("Homeward"); Power Default Services, Inc. ("Power"); and Does one through 40, inclusive.  Dkt. 1.  Plaintiff brings four claims, namely, (1) rescission, (2) breach of contract, (3) unfair business practices pursuant to California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 et seq., and (4) declaratory relief.  Plaintiff's complaint seeks to recover damages and prevent the foreclosure of her home at 25431 Prado De Las Fresas, Calabasas CA 91302 ("the Property").

On February 8, 2013, the Los Angeles Superior Court issued a Temporary Restraining Order enjoining foreclosure on the Property.  Dkt. 1 at 74.  On February 25, 2013, the Superior Court held a hearing regarding the issuance of a preliminary injunction.  Dkt. 1 at 62.  Defendants failed to oppose the preliminary injunction or appear for the hearing.  Id. The Superior Court issued a preliminary injunction against defendants enjoining them from foreclosing upon the Property during the pendency of this action.  Id.  The Superior Court ordered a bond in the amount of $50,000, which was undertaken by Helen W. Eisenberg in favor of plaintiff.  Dkt. 118-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

On March 13, 2013, defendants removed the case to this Court. Dkt. 1. On August 29, 2016, defendants filed a motion to dismiss the operative Second Amended Complaint ("SAC"). Dkt. 109.

Prior to a hearing on defendants' motion to dismiss, on October 21, 2016, defendants filed a motion seeking dissolution or modification of the preliminary injunction issued in this action. Dkt. 118.

On October 31, 2016, the Court held a hearing on the motion to dismiss and distributed a tentative order granting defendants' motion to dismiss plaintiffs first and third claims. Plaintiff's counsel indicated that his client may be able to allege additional details which would cure the defects identified by the Court. Accordingly, the Court dismissed the first and third claims for relief and ordered plaintiff's counsel to file a declaration within ten days explaining whether or not the identified defects could be cured. Dkt. 121.

On November 1, 2016, plaintiff filed an opposition to defendants' motion to dissolve or modify the preliminary injunction. Dkt. 120. On November 7, 2016, defendants filed a reply. Dkt. 122.

On November 10, 2016, plaintiff's counsel filed a declaration indicating that he believed the defects in the SAC could be cured in the filing of a further amended complaint. Dkt. 123. Counsel further indicated that he would file a Third Amended Complaint ("TAC") no later than November 21, 2016. Plaintiff has not filed a TAC.

## II.    BACKGROUND

This case arises out of defendants' attempts to foreclose on the Property. SAC ¶ 1. On July 27, 2006, plaintiff executed a note for approximately $2.2 million in favor of non-party American Home Mortgage ("AHM"), which was secured by a deed of trust to the Property. Id. ¶ 9. At some subsequent point in time, Citibank, N.A. ("Citibank") acquired AHM's interest in the note. Id.

At some subsequent point in time, Citibank acquired AHM's interest in the note. Id. Plaintiff alleges that prior to executing the note, none of AHM's agents disclosed certain material and misleading aspects of the note. Id. ¶¶ 11-12. Specifically, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

alleges that the "dire consequences of her negative amortization loan were never explained," and that:

> On the contrary, in or about early July 2006, AHM specifically orally represented and promised to Plaintiff that [1] the initial interest rate of 2.65% would remain in effect for six months, [2] that the monthly payment would not increase by more than 10% per year during the first five years of the loan, [3] unless the loan balance increased by more than 25%, which, it stated would take at least three years, and [4] that any negative amortization charges would be reasonable and not excessive.

Id. ¶ 11.  Plaintiff alleges that these oral representations were false and misleading.

    Plaintiff alleges that the loan documents, which she signed, were presented to her the night before escrow was scheduled to close.  Id. ¶ 10.  Plaintiff further alleges that the loan papers were not explained to her and that she was not able to review them or have them reviewed by an attorney or other advisor.  Id.  Plaintiff also alleges that she signed the documents "under the duress of having to obtain a loan to complete her purchase of the Property without losing deposits of approximately $200,000 if escrow was not closed by in or about July 2006."  Id.

    At some point before August 7, 2012, plaintiff defaulted on the note. On August 7, 2012, plaintiff and defendant Citibank entered into a Forbearance Agreement ("the Agreement").  Id. ¶ 23, Ex. 3. The terms of this agreement provided that plaintiff would make three monthly payments to Citibank in the amount of $14,033.38, and that in exchange, Citibank would not initiate a trustee's sale during the months covered by the agreement.  Id. ¶ 24.  The Agreement provides that:

> [i]f, upon the Expiration of the Forbearance, Borrower is unable to fully cure the Default, Lender shall consider the Borrower and Loan for any available and appropriate foreclosure prevention option ("Foreclosure Prevention Option") in accordance with lender's then current policies and procedures. Borrower acknowledges that Lender has not guaranteed or assured and hereby does not guarantee and assure Borrower that Borrower and the Loan will qualify or be accepted by Lender for any Foreclosure Prevention Option.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

Id.  As part of the Agreement, the parties agreed that Citibank would be permitted to initiate new foreclosure proceedings if the borrower remained in default and did not qualify for a "Foreclosure Prevention Option." Id. ¶ 6.

Plaintiff alleges that she timely made the first two monthly payments under the Agreement, but that contrary to the terms of the Agreement, Citibank conducted a trustee's sale in September 2012. Id. ¶ 25. After the sale was conducted, Citibank allegedly refused to accept the third monthly payment due under the Forbearance Agreement. Id. ¶ 29. While Citibank rescinded the trustee's sale on September 28, 2012, plaintiff alleges that they still refused to accept her third monthly payment following the rescission. Id. ¶ 27. Additionally, plaintiff alleges that Citibank will not attempt in good faith to offer her a reasonable loan modification. Id. ¶ 29.

During the pendency of this action, the parties have engaged in negotiations over plaintiff's loan. Both parties agree that on August 28, 2015, Citibank offered a loan modification to plaintiff, however, plaintiff did not accept Citibank's offer. See Mot. Ex. 4 (showing the terms of the loan modification offer).

## III. DISCUSSION

> Firmness and stability must no doubt be attributed to continuing injunctive relief based on adjudicated facts and law, and neither the plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has once been decided. Nevertheless the court cannot be required to disregard significant changes in law or facts if it is 'satisfied that what it was been doing has been turned through changing circumstances into an instrument of wrong.'

Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 647 (1961) (citing United States v. Swift & Co., 286 U.S. 106, 114, 52 S. Ct. 460, 462, 76 L. Ed. 999 (1932)).[1]

---

[1] Both parties erroneously rely upon California law regarding the modification of a preliminary injunction. However, once removed to federal court, review of a state court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

    Defendants contend that the injunction must be modified because of changes in circumstances applicable to this case. Specifically, defendants contend that they have made a loan modification offer to plaintiff, which plaintiff rejected, and that defendants continue to pay taxes and insurance for the Property while plaintiff has resided in the Property for over four years without making any rent or mortgage payments. Defendants argue that plaintiff continues to be unjustly enriched by the preliminary injunction because it allows plaintiff to live in a luxurious home without paying any of the obligations ordinarily imposed on homeowners. Defendants aver that they have expended over $216,174 in property taxes and insurance costs since September 2012 and that they will continue to incur such expenses on a monthly basis as long as the injunction remains in effect.

    In response, plaintiff argues that the balance of hardships weighs in her favor because she risks the permanent loss of her home whereas defendant's monetary loss may be protected against by a bond. Plaintiff further avers that defendants have refused to disclose how certain portions of the modification offer were calculated.

    Entitlement to injunctive relief pending trial depends upon the balance of hardships resulting from the injunction, or lack thereof, and plaintiff's likelihood of success on the merits. Furthermore, a preliminary injunction is only intended as temporary security for "performance of a future order which may be entered by the court. Its issue presupposes or assumes . . . that a decree may be entered after trial on the merits enjoining and restraining the defendants from certain future conduct." De Beers Consol. Mines v. United States, 325 U.S. 212, 219 (1945). The preliminary injunction must relate to the remedies available pursuant to plaintiff's claims. "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (quoting De Beers Consol. Mines, 325 U.S. at 220).

    The Superior Court issued the instant injunction without opposition after a hearing wherein defendants failed to appear. Plaintiff's injunctive relief is based upon two of her

---

injunction is governed by federal law. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 441 (1974).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

original claims, namely, plaintiff's claim for breach of the Agreement and plaintiff's claim for breach of the UCL.

The Court has repeatedly dismissed plaintiff's UCL claim without prejudice for failure to state a claim upon which relief may be granted. Plaintiff was ordered to file any further amendment to the pleadings no later than November 21, 2016, and only if plaintiff believed she would be able to cure the defects identified in the Court's prior order. Plaintiff failed to do so. Accordingly, the Court need not evaluate whether or not plaintiff may be entitled to a continuing injunction pursuant to plaintiff's UCL claim. Plaintiff's first and third claims for rescission and violation of the UCL claims are appropriately **DISMISSED with prejudice**. Accordingly, the dismissal of plaintiff's UCL claim with prejudice requires the Court to further evaluate plaintiff's likelihood of success on the merits of her claims and whether the existing preliminary injunction should be dissolved or modified.

Plaintiff's second claim for breach of contract claim alleges that defendants breached the Agreement by refusing plaintiff's third and final forbearance payment, initiating foreclosure proceedings during the period of the forbearance agreement[2], and breach of the implied covenant of good faith insofar as defendants impliedly agreed to consider plaintiff for a loan modification[3]. SAC ¶ 29. Although legal relief is the remedy typically available under California law for breach of contract, specific performance of an obligation can also be ordered as a remedy, except in certain circumstances enumerated by California law. See Cal. Civ. Code §§ 3274, 3384. However, the Agreement only entitles plaintiff to avoid foreclosure under certain circumstances. Pursuant to the Agreement, plaintiff alleges that defendants agreed not to initiate or continue foreclosure during the two months from August 8, 2012, to October 8, 2012, if plaintiff made payments on August 8, 2012; September 8, 2012; and October 8, 2012. SAC Ex. 3. Thereafter, pursuant to the Agreement, plaintiff may avoid foreclosure if (1) plaintiff "fully cure[s] the Default by paying all amounts then presently due and unpaid pursuant to the Loan," or (2), if plaintiff is unable to cure the default, defendants agreed to

---

[2] Although plaintiff acknowledges that these proceedings ceased when defendants rescinded the September 28, 2016, Trustee's Deed Upon Sale. SAC ¶ 27.

[3] Nothing in the express terms of the Agreement require defendants' to modify plaintiff's loan and defendant has since offered plaintiff a loan modification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

"consider" plaintiff for a "foreclosure prevention option . . . in accordance with Lender's then current policies and procedures." Id.

The Court has held that plaintiff need not allege tender in order to state a claim for breach of the Agreement. See Dkt. 89 at 7. Plaintiff may have suffered injury as a result of defendants' initiation of foreclosure proceedings during the forbearance period. However, it does not appear that the Agreement enables plaintiff to avoid foreclosure indefinitely without curing her default, nor is plaintiff entitled to a permanent injunction enjoining foreclosure in the future. Specific performance of the Agreement does not preclude defendants from initiating foreclosure proceedings over four years after the expiration of the parties' two-month agreement unless plaintiff intends to cure the default on her loan.

The requirement of tender "is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." Barrionuevo v. Chase Bank, N.A., 885 F. Supp. 2d 964, 969 (N.D. Cal. 2012) (citing Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 578–79 (1984)). Courts acknowledge that the applicability of the tender requirement depends upon principles of equity and that the tender rule ordinarily will not apply to cases where a plaintiff challenges the foreclosing entity's authority to foreclose. See Barrionuevo, 885 F. Supp. 2d at 969 (tender rule does not apply where plaintiff "contest[s] not only irregularities in sale notice or procedure, but the validity of the foreclosure in the first place. Courts have declined to require tender in just such circumstances"); see also Mabry v. Superior Court, 185 Cal. App. 4th 208, 225 (2010) (contrasting the situation where "*by definition*, there is no way that a foreclosure sale can be avoided absent payment of *all* the indebtedness" with the purpose of plaintiff's statutory claims requiring that certain foreclosure procedures be used to avoid foreclosure altogether).

Plaintiff here does not challenge defendants' authority to foreclose, but argues that doing so would violate the Agreement. However, pursuant to the forbearance agreement, defendants expressly preserved the right to renew foreclosure proceedings unless plaintiff cured her default by October 8, 2012. Although defendants' alleged initiation of foreclosure proceedings during the period of the forbearance agreement may have constituted breach of the Agreement, plaintiff does not explain why she continues to be entitled to prospective relief from foreclosure in the absence of her UCL claim. Unlike other possible causes of action that may challenge a foreclosure's validity, nothing in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | KATHLEEN EISENBERG V. CITIBANK NA; ET AL. | | |

Agreement suggests it was intended to permit plaintiff to avoid foreclosure without being required to cure a default on her loan. See Hamilton v. Wilmms, 2016 WL 1436407, at *4 (E.D. Cal. Apr. 12, 2016) (concluding that after trial and in the absence of tender, plaintiff is limited to monetary damages from breach of similar forbearance agreement).

To the extent plaintiff's right to injunctive relief depends upon her breach of contract claim, it would be inequitable to leave the preliminary injunction in place without modification. In light of plaintiff's limited rights pursuant to the Agreement, the dismissal of plaintiff's UCL claim, the substantial period of time that has elapsed since the expiration of the forbearance agreement, and the rejection of defendants' loan modification offer, the preliminary injunction is appropriately **DISSOLVED** unless plaintiff, pursuant to the Agreement, cures her default on the existing loan.

## IV. CONCLUSION

Defendants' motion to dissolve the preliminary injunction is **GRANTED**.

The preliminary injunction will be dissolved on December 19, 2016. If plaintiff can cure the default on her loan before that date, plaintiff may make a new request for a preliminary injunction at which time the Court may reconsider what amount of security is appropriate.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |