UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 132, Filed December 27, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of February 13, 2017, is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

On February 8, 2013, Kathleen Eisenberg filed the instant action in Los Angeles County Superior Court against Citibank, N.A., as trustee for American Home Mortgage Assets Trust 2006-4 Mortgage-Backed Pass-Through Certificates Series 2006-4 ("Citibank"); Homeward Residential, Inc. ("Homeward"); Power Default Services, Inc. ("Power"); and Does one through 40, inclusive. Dkt. 1. The original complaint alleged four claims, namely, (1) rescission, (2) breach of contract, (3) unfair business practices pursuant to California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 et seq., and (4) declaratory relief. The gravamen of plaintiff's claims is that she was fraudulently induced into an adjustable rate mortgage whereby, unbeknownst to her, her loan payments were all but guaranteed to dramatically increase a few years after the mortgage was executed. Plaintiff's complaint seeks to recover damages, rescind the adjustable rate mortgage instrument, and prevent the foreclosure of her home at 25431 Prado De Las Fresas, Calabasas CA 91302.

On February 8, 2013, the Los Angeles Superior Court issued a Temporary Restraining Order enjoining foreclosure on the Property. Dkt. 1 at 74. On February 25, 2013, the Superior Court held a hearing regarding the issuance of a preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

injunction. Dkt. 1 at 62. Defendants failed to oppose the preliminary injunction or appear for the hearing. Id. The Superior Court issued a preliminary injunction against defendants enjoining them from foreclosing upon the Property during the pendency of this action. Id.

    On March 13, 2013, defendants removed the case to this Court. Dkt. 1. On March 15 2013, defendants filed a motion to dismiss the complaint, dkt. 3, which the Court granted, dkt. 17. On May 28, 2013, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 24. On May 29, 2013, defendants filed a motion to dismiss the FAC. Dkt. 25. The Court took the motion to dismiss the FAC under submission while the parties engaged in negotiation to see if a modification of plaintiff's home loan was possible. On June 15, 2016, after more than two years of failed negotiations, the Court granted, in part, and denied, in part, defendants' motion to dismiss the FAC. The Court dismissed plaintiff's claims for rescission and violation of the UCL. Dkt. 89. On August 24, 2016, plaintiff filed a Second Amended Complaint ("SAC"). Dkt. 108. On August 29, 2016, defendants filed a motion to dismiss the claims in the SAC for rescission and violation of the UCL. Dkt. 109.

    On October 21, 2016, defendants filed a motion seeking dissolution or modification of the preliminary injunction issued in this action by the Superior Court in 2013. Dkt. 118.

    On October 31, 2016, the Court dismissed plaintiff's claims for rescission and violation of the UCL for failure to state a claim with sufficient particularity, Fed. R. Civ. P. 9(b), and because they are barred by the applicable statute of limitations. Dkt. 121. During the hearing on the motion to dismiss the SAC, plaintiff's counsel requested an opportunity to confer with his client and determine whether or not he would seek leave to further amend the pleadings. Accordingly, the Court ordered that:

> Plaintiff's counsel shall confer with plaintiff and file a declaration no later than ten (10) days from the issuance of this order explaining whether or not the foregoing defects can be cured. Thereafter, if plaintiff contends that the foregoing defects can be cured, the SAC shall be dismissed **without prejudice** and plaintiff is granted an additional ten (10) days leave in which to file a Third Amended Complaint. If plaintiff determines that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

foregoing defects cannot be cured, then plaintiff's SAC shall be dismissed **with prejudice**.

Dkt. 121 at 11 (emphasis in original).

On November 10, 2016, plaintiff's counsel, Mark Goodfriend, filed a declaration indicating that he believed the defects in the SAC could be cured in the filing of a Third Amended Complaint ("TAC"). Dkt. 123 ("Prior Goodfriend Decl."). Goodfriend further indicated that he would file a TAC no later than November 21, 2016. In his declaration, Goodfriend, stated:

> Notwithstanding the foregoing, if in the final analysis, on or before November 21, 2016, Plaintiff ultimately concludes that she is unable to cure the defects in the Second Amended Complaint identified by the Court, she will not file a Third Amended Complaint, and in that event, it is understood that the first and third causes of action for rescission and unfair business practices, respectively, of the Second Amended Complaint shall be deemed dismissed with prejudice.

Prior Goodfriend Decl. ¶ 5. Thereafter, plaintiff did not file a TAC.

On November 29, 2016, the Court granted defendants' motion to dissolve the preliminary injunction, dkt. 129, and, in light of plaintiff's failure to timely file a TAC, dismissed plaintiff's claims for rescission and violation of the UCL with prejudice, dkt. 130.

On December 27, 2016, plaintiff filed a motion seeking leave to file an untimely TAC adding four paragraphs of allegations purportedly curing the deficiencies in plaintiff's claims for rescission and violation of the UCL. Dkt. 132 ("Motion"). Plaintiff's motion seeks reconsideration of the Court's order dismissing the claims for rescission and violation of the UCL. The Motion also seeks reconsideration of the Court's order dissolving the preliminary injunction. Id. In support of the Motion, Goodfriend has submitted a declaration in which he states:

> Distracted by other legal matters, including in particular a pending sale of a property for over $35 million which was due to close November 30, 2016,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

> over which there was heated litigation and settlement discussions, I inadvertently missed the November 21, 2016 deadline for filing a Third Amended Complaint. I realized that I missed it on November 23, 2016, but due to the holidays and other matters, was unable to file anything before the Court's order was entered on November 29, 2016.

Dkt. 132-2 ("Goodfriend Decl.") ¶ 4.

On January 20, 2017, defendants filed an opposition. Dkt. 136.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

### A.   Extension of the Deadline to File a Third Amended Complaint

Federal Rule of Civil Procedure 6(b)(1)(B) governs the extension of time periods set forth in a court's order. Pursuant to Rule 6(b)(1):

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> . . .
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. Proc. 6(b)(1). District courts have discretion in determining whether or not good cause exists because of excusable neglect. Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir. 2004). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Where the deadline for a filing is unambiguous, an attorney's neglect is typically inexcusable. Kyle v. Campbell Soup Co., 28 F.3d 928, 931 (9th Cir. 1994), as amended on denial of reh'g (Apr. 8, 1994) (district court abused its discretion by determining that attorney's failure to obey unambiguous scheduling rule was excusable).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

**B.     Reconsideration of the Court's Prior Orders**

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

## III.     DISCUSSION

Plaintiff first contends that she should be granted additional leave to file a Proposed TAC beyond the November 21, 2016 deadline that has already passed.

In this case, Goodfriend's only explanation for seeking to amend the pleadings more than one month after the Court's deadline is his own inadvertence. The Court's October 31, 2016 order was unambiguous. On November 10, 2016, Goodfriend stated the timeline in his own words and indicated that plaintiff might elect not to file a TAC at all. Prior Goodfriend Decl. ¶ 5. Goodfriend acknowledged that if plaintiff failed to file a TAC prior to November 21, 2016, "it is understood" that plaintiff's claims would be "deemed dismissed with prejudice." Id. Plaintiff missed the deadline. Between November 10, 2016, and November 23, 2016, Goodfriend claims that he was working on another case. On November 23, 2016, defendants lodged a proposed order dismissing plaintiff's claims with prejudice, at which time Goodfriend evidently discovered his mistake. Thereafter, neither Goodfriend, nor plaintiff, filed anything indicating that plaintiff still intended to attempt to cure the deficiencies in the SAC. On November 29, 2016, in light of plaintiff's apparent decision not to file a TAC, the Court dismissed plaintiff's claims with prejudice and dissolved the preliminary injunction. Between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

November 23, 2016, and November 29, 2016, Goodfriend claims that he was unable to file "anything" because of "the holidays and other matters." Goodfriend Decl. ¶ 4.

As the Supreme Court has cautioned, "inadvertence . . . do[es] not usually constitute excusable neglect." Pioneer, 507 U.S. at 392. Goodfriend has not demonstrated good cause to deviate from that general rule. Accordingly, the Court concludes that plaintiff's failure to timely file a TAC was not due to excusable neglect and that there is not good cause to extend the Court's previous deadline.

In addition to being untimely, further amendment appears to be futile. Even if the Court were to permit the proposed TAC to be filed, plaintiff does not appear to have cured the deficiencies identified in the Court's previous order dismissing the claims for rescission and violation of the UCL. The Court dismissed plaintiff's claims for rescission and violation of the UCL because they are barred by the statute of limitations and were insufficiently particularized to state a claim sounding in fraud. Plaintiff's proposed amendment does not appear to cure either deficiency.

Regarding fraud, as outlined in the Court's October 31, 2016, order, plaintiff must satisfy the heightened pleading standards of Rule 9(b). See Dkt 121 at 9-11. Plaintiff alleges that Citibank is the successor-in-interest to American Home Mortgage ("AHM"). According to plaintiff, she was misled by the complexity of her mortgage's terms and by an AHM representative who made false promises to plaintiff about her mortgage. The Court previously ruled that plaintiff's mortgage terms alone were insufficient to state a claim sounding in fraud and that plaintiff had not alleged fraud by an AHM representative with sufficient particularity.

Plaintiff's proposed TAC includes only four new paragraphs, none of which address "the 'who, what, when, where and how of the misconduct charged," Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir.2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010)). The proposed TAC is no more specific regarding the alleged fraud than the SAC. Plaintiff alleges that an unidentified representative of AHM, made certain misrepresentations at an undetermined time in July 2006 "in person and on the telephone, in Los Angeles and/or Ventura County." Proposed TAC ¶ 11. As previously discussed in the Court's October 31, 2016 order, the foregoing allegations are insufficient to state a claim sounding in fraud. Accordingly, even if the Court were to consider the proposed TAC, permitting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

proposed amendment would be futile and does not appear to provide a basis for reinstating a preliminary injunction against possible foreclosure.

Regarding the statute of limitations, the Court has already ruled that plaintiff's claims for rescission and violation of the UCL accrued on July 27, 2006, when plaintiff had constructive notice of her mortgage's terms.[1] The proposed TAC does not alter the Court's prior analysis of when plaintiff's claims accrued. Further, plaintiff's claims for rescission and violation of the UCL are subject to a four-year statute of limitations. See Cal. Bus. & Prof. Code § 17208 (UCL statute of limitations); Cal. Civ. Proc. Code § 337 (rescission statute of limitations). Plaintiff filed this action on February 8, 2013, more than six and a half years after her claims accrued and more than two and a half years after the statute of limitations had run. Accordingly, defendants appear to have a valid statute of limitations defense that is apparent from the proposed TAC.

Presumably because this was a deficiency previously identified, the proposed TAC adds several allegations relating to the statute of limitations. See Goodfriend Decl. Ex. 4 ¶¶ 20-21 ("Proposed TAC"). The Proposed TAC alleges that:

> commencing in or about July 2008, and continuing to at least in or about August 2012 . . . AHM repeatedly told Plaintiff over the telephone that if Plaintiff would refrain from suing AHM, AHM would attempt in good faith to effectuate a loan modification with lower monthly payments and restructuring of any arrearage so that payments by Plaintiff would be affordable. In reliance on such representations, Plaintiff delayed filing suit until February 2013. . . .

---

[1] In addition to having constructive notice of her mortgage's terms in 2006, plaintiff now acknowledges that she actually discovered the acts allegedly constituting fraud in June 2008. Plaintiff's proposed TAC alleges that:

> in or after June 2008 . . . Plaintiff discovered or suspected the falsity of at least some of the misrepresentations made to her . . . . At that time, Plaintiff was prepared to and threatened to sue.

Goodfriend Decl. Ex. 4 ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

Accordingly, the statute of limitations for Plaintiff's claim for rescission and fraud was tolled, Defendants are estopped from asserting the statute of limitations as a defense, from at least July 2008 until this lawsuit was filed in State Court in February 2013, and the statute of limitations did not run before the commencement of this action.

Id.  However, the foregoing allegations are insufficient to toll the statute of limitations or estop defendants from asserting a statute of limitations defense.

With respect to tolling, there does not appear to be a basis for extending the statute of limitations for more than two and a half years based upon AHM's alleged promise to consider plaintiff for loan modification.  "Equitable tolling is a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."  Lantzy v. Centex Homes, 31 Cal. 4th 363, 370, 73 P.3d 517, 523 (2003), as modified (Aug. 27, 2003).  Put simply, the proposed TAC does not allege any facts demonstrating that fairness or practicality require tolling of the statute of limitations.[2] The Court can discern no authority for the proposition that the *prospect* of a loan modification *application* is sufficient to toll the statute of limitations on a rescission or UCL claim for over two and a half years.  Plaintiff does not allege that she was promised an actual loan modification or that she submitted a loan modification application at any time prior to initiating this suit.

---

[2] Courts have permitted equitable tolling in a variety of contexts, none of which appear to be applicable here.  Plaintiff does not allege fraudulent concealment or mistake. See Mize v. Reserve Life Ins. Co., 121 Cal. Rptr. 848, 851 (Ct. App. 1975) (acknowledging both possible reasons for tolling).  Plaintiff does not allege that defendants were out-of-state or inaccessible; that she timely filed an analogous, but procedurally defective suit; or that she could not initiate a suit due to "impossibility, impracticability or futility."  See Lewis v. Superior Court, 220 Cal. Rptr. 594, 600 (Ct. App. 1985) (collecting cases).  Finally, plaintiff does not allege that she reasonably pursued a duplicative, administrative remedy such that application of the statute of limitations would be unjust.  See Id. (statute of limitations tolled while plaintiff sought duplicative relief in worker's compensation proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

     Defendants may be estopped from asserting the statute of limitations as a defense where "defendants' conduct *actually and reasonably induced plaintiffs to forbear suing*," until after the statute of limitations expired. Lantzy, 73 P.3d at 533 (emphasis in original). However, assuming arguendo that the allegations in the proposed TAC are true, defendants would still have a valid statute of limitations defense against plaintiff's proposed claims for rescission and violation of the UCL.

     Lantzy is instructive. In Lantzy, the plaintiff argued that the defendant, a homebuilder, was estopped from asserting a statute of limitations defense against plaintiff's construction defect claims because the defendant had allegedly promised to repair the defects and had, "at various times" attempted to make the repairs, but failed. Id. The California Supreme Court held that plaintiff's allegations were insufficient to estop a statute of limitations defense because the plaintiff did not allege that the promised and attempted repairs "if successful, would have obviated the need for suit." Id. at 534. Accordingly, the court concluded that the trial court had correctly sustained a demurrer without leave to further amend. Id. at 534-35.

     Similarly, here, plaintiff does not allege that AHM made a promise which, if fulfilled, would have obviated the need for this action. In contrast to Lantzy, where the defendant actually promised to correct its alleged mistakes, the proposed TAC alleges only that AHM promised it would "*attempt* in good faith" to offer plaintiff a loan modification that would satisfy her concerns and resolve any arrears. Proposed TAC ¶ 20 (emphasis added). The proposed TAC does not allege that a modification was promised or forthcoming or that plaintiff reasonably expected she would receive a loan modification obviating the need for this action. Accordingly, AHM's alleged promise to consider plaintiff for a loan modification is insufficient to estop defendants here from asserting a statute of limitations defense.

     As already discussed, plaintiff has not demonstrated good cause such that plaintiff should be permitted to file an untimely amendment reviving her dismissed claims. Further, though the Court is not required to consider the substance of plaintiff's proposed allegations, the proposed TAC does not appear to have cured the deficiencies previously identified by the Court. Accordingly, although the proposed TAC is untimely for reasons unrelated to the merits of plaintiff's claims, declining to permit an untimely amendment is unlikely to cause an unjust result. Plaintiff's request to file a TAC is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-01814-CAS (JPRx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG V. CITIBANK N.A.; ET AL. | | |

Absent any new facts, allegations, or law, plaintiff's request for reconsideration is without merit. Plaintiff provides no valid basis for reconsidering the dismissal of plaintiff's claims for rescission and violation of the UCL, nor is there a basis for reconsideration of the Court's order dissolving the preliminary injunction. Plaintiff's request for reconsideration is **DENIED**.

## IV. CONCLUSION

Plaintiff's request to file a Third Amended Complaint is **DENIED**. Plaintiff's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

                                                      00      00

Initials of Preparer      CMJ