UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Goodfriend | Nicole Dunn |

**Proceedings:** DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Filed May 22, 2017, Dkt. 147)

## I. INTRODUCTION

On February 8, 2013, Kathleen Eisenberg filed the instant action in Los Angeles County Superior Court against Citibank, N.A., as trustee for American Home Mortgage Assets Trust 2006-4 Mortgage-Backed Pass-Through Certificates Series 2006-4 ("Citibank"); Homeward Residential, Inc. ("Homeward"); Power Default Services, Inc. ("Power"); and Does one through forty, inclusive (collectively, "defendants"). Dkt. 1. The original complaint alleged four claims: (1) rescission; (2) breach of contract; (3) unfair business practices in violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 et seq. ("UCL"); and (4) declaratory relief.

On February 8, 2013, the Los Angeles Superior Court issued a Temporary Restraining Order enjoining defendants from foreclosing on plaintiff's home at 25431 Prado De Las Fresas, Calabasas CA 91302 ("the Property"). Dkt. 1 at 74. On February 25, 2013, the Superior Court held a hearing regarding the issuance of a preliminary injunction. Dkt. 1 at 62. After defendants failed to oppose the preliminary injunction or appear for the hearing, the Superior Court issued the preliminary injunction, enjoining defendants from foreclosing on the Property for the duration of this action. Id.

On March 13, 2013, defendants removed the action to federal court, asserting diversity jurisdiction. Dkt. 1. On March 15, 2013, defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Dkt. 3. The Court granted the motion on April 15, 2013 with leave for plaintiff to amend the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

complaint. Dkt. 17. On May 28, 2013, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 24. On May 29, 2013, defendants moved to dismiss the FAC. Dkt. 25.

On July 1, 2013, the Court found the case appropriate for participation in Loan Modification Mediation through the Alternative Dispute Resolution Program of the Central District of California and took the motion to dismiss the FAC under submission pending loan modification negotiations between the parties. Dkt. 35. The parties were unsuccessful in their negotiations, which lasted around two-and-a-half years.

On June 15, 2016, the Court granted, in part, and denied, in part, defendants' motion to dismiss the FAC. Dkt. 89. The Court dismissed plaintiff's rescission and UCL claims without prejudice. Id. On August 24, 2016, plaintiff filed the operative Second Amended Complaint ("SAC"). Dkt. 108. On August 29, 2016, defendants moved a second time to dismiss the UCL and rescission claims in the SAC. Dkt. 109.

On October 21, 2016, defendants filed a motion to dissolve or modify the preliminary injunction issued by the Superior Court. Dkt. 118.

On November 29, 2016, the Court dismissed plaintiff's UCL and rescission claims with prejudice, dkt. 130, and granted the defendants' motion to dissolve the preliminary injunction, dkt. 129.

On May 22, 2017, defendants filed a motion for summary judgment, dkt. 147 ("MSJ"), accompanied by a statement of uncontroverted facts, dkt. 147-1 ("SUF").[1]

---

[1] Defendants also submitted a Request for Judicial Notice in support of their Motion for Summary Judgment. Dkt. 148 ("RJN"). Judicial notice is appropriate where facts are not "subject to reasonable dispute because . . . [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The exhibits enclosed in the RJN include public documents recorded with the Los Angeles County Recorder's office and a complaint filed with this Court. Thus, the Court takes judicial notice of exhibits 1-10 of the RJN. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741 (9th Cir. 2006) (holding that a court may take judicial notice of court filings); Velazquez v. GMAC Mortg. Corp., 605 F.Supp.2d 1049, 1057 (C.D. Cal. 2008) (holding that a court may take judicial notice of public documents recorded with the County Recorder's Office).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

Plaintiff did not file a memorandum in opposition. Instead, on June 12, 2017, plaintiff filed a Statement of Genuine Disputes of Material Fact, dkt. 160 ("SGD"), and several declarations.[2] The accompanying exhibits to the declarations were separately filed on June 18, 2017.[3] Dkts. 161-163. On June 19, 2017, defendants filed a reply in support of their motion for summary judgment, dkt. 164 ("Reply"), as well as evidentiary objections.[4]

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Except where otherwise noted, the following background is undisputed.

On July 24, 2006, plaintiff obtained a $2,201,000.00 loan from non-party American Home Mortgage ("AHM"), evidenced by a Promissory Note (hereinafter, "the Loan"). SGD, No. 1. The Promissory Note was secured by a Deed of Trust ("DOT") against the Property. SGD, No. 2. From 2006 until 2013, the loan servicer was

---

[2] Dkt. 157, Declaration of Kathleen Eisenberg ("K. Eisenberg Decl."), dkt. 158, Declaration of David Eisenberg, ("D. Eisenberg Decl."), and dkt. 159, Declaration of Mark Goodfriend ("Goodfriend Decl.").

[3] If plaintiff opposes defendants' motion for summary judgment, plaintiff was required to file a memorandum containing a statement of reasons for her opposition and the points and authorities upon which she is relying. L.R. 7-9. However, a motion for summary judgment cannot be granted solely based upon a party's failure to file an opposition. L.R. 7-12. Accordingly, the Court has attempted herein to discern what facts plaintiff purports to dispute and how her evidence may preclude summary judgment.

[4] Defendants object to consideration of the exhibits mentioned in plaintiff's declarations, which were filed six days after plaintiff's declarations. However, defendants did not seek additional time in which to prepare a reply. Accordingly, there does not appear to have been any prejudice to defendants as a result of plaintiff's untimely exhibits and the Court will consider them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

Homeward. SGD, No. 3. The DOT specified AHM as the lender, non-party Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary, and First American Title Company as the trustee. RJN, Ex. 2. On April 27, 2010, AHMSI Default Services, Inc. ("AHMSI") substituted First American Title as trustee, pursuant to a recorded Substitution of Trustee. SGD, No. 4. On August 31, 2011, all interests under the DOT were assigned to Citibank as trustee under an Assignment of Deed of Trust.[5] SGD, No. 5.

On November 11, 2011, as a result of plaintiff's failure to timely pay on the Loan, a Notice of Default was recorded. SGD, No. 6.

On February 23, 2012, Power substituted AHMSI as trustee, pursuant to a recorded Substitution of Trustee. SGD, No. 7. That same day, a Notice of Trustee's Sale was recorded. SGD, No. 8.

### A.  The Forbearance Agreement

On August 7, 2012, Homeward and plaintiff executed a Forbearance Agreement (the "Agreement"), whereby plaintiff was required to make three make monthly forbearance payments of $14,033.08 from August 2012 until October 2012 ("the Expiration of the Forbearance"). SGD, No. 9; K. Eisenberg Decl., Ex. 1. The Agreement provided, in pertinent part, that after rendering the three forbearance payments:

> Borrower must fully cure the Default by paying all amounts then presently due and unpaid pursuant to the Loan. If, upon the Expiration of the Forbearance Borrower is unable to fully cure the Default, Lender shall consider the Borrower and Loan for any available and appropriate foreclosure prevention option ('Foreclosure Prevention Option') in accordance with Lender's then current policies and procedures. Borrower acknowledges that Lender has not guaranteed or assured and hereby does not guarantee and assure Borrower that Borrower and the Loan will qualify or be accepted by Lender for any Foreclosure Prevention Option. . . . In the

---

[5] Plaintiff does not dispute that the Assignment was executed but claims that defendant has failed to render the original Assignment after being asked to do so. SGD, No. 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

> event of default under this Agreement or in the event Borrower and the Loan do not qualify for any Foreclosure Prevention Option upon the Expiration of the Forbearance, Borrower agrees: (a) that normal collection activities may be resumed by Lender, including without limitation the resumption of any foreclosure sale pursuant to any existing Foreclosure Proceeding . . . (b) . . . any existing Foreclosure Proceeding, or any foreclosure sale previously scheduled, may continue without further notice . . .[.]

K. Eisenberg Decl., Ex. 1 at 1. In accordance with the Agreement, plaintiff made two payments in the required amount of $14, 033.08 on August 9, 2012, and September 11, 2012. SGD, No. 11. On August 30, 2012, a trustee's foreclosure sale of the Property was conducted. SGD, No. 12. About a month later, on or around September 28, 2012, the foreclosure sale was rescinded pursuant to a Notice of Rescission of Trustee's Deed Upon Sale. SGD, No. 13.

Plaintiff never made a third forbearance payment under the Agreement. SGD, Nos. 14-15. The parties dispute whether plaintiff was told by a representative of Homeward that the Agreement was "null and void" due to the initiation of the foreclosure sale in September 2012. SGD, No. 14.

On November 1, 2012, a Homeward representative informed David Eisenberg of the rescission of the foreclosure sale. SGD, No. 16. On February 7, 2013, a Homeward representative and David Eisenberg conferred about new payment arrangements, after which the instant action was filed. SGD, No. 17.

Defendants have submitted evidence that the Loan has an unpaid principal balance of $2,832,202.37, and that the total amount due on the Loan is $3,763,777.02.[6] Dkt. 150, Declaration of Kevin Flannigan ("Flannigan Decl.") ¶ 12.

---

[6] In plaintiff's statement of genuine disputes, plaintiff characterizes the foregoing evidence as hearsay, conclusory, and lacking a foundation. SGD, Nos. 19-21. Plaintiff's statement of genuine disputes further states that "[de]fendants have admitted . . . they lack a complete loan history, so the basis for [the principal and total loan amounts are] . . . unknown and unverifiable." Id. However, plaintiff does not offer any evidence supporting her contention regarding her complete loan history. Accordingly, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

### B. The Proposed Loan Modification

In accordance with the Court's order to mediate this matter, the parties attempted mediation for about four months, but failed. See generally dkt. 42, Declaration of Dunn Re: Status of Mediation Efforts, ("Dunn Med. Decl.").

Around August 2015, the parties began negotiating a modified loan agreement. Dunn Decl. ¶ 4. On August 28, 2015, Dunn sent Goodfriend a modification offer, asking for a response by September 2, 2015. SGD, No. 23; Goodfriend Decl., Ex. 3. That same day, Goodfriend responded that he is "sure [they] will need more information and more time respond." Id. Goodfriend also asked, "how were the $3,417,811 and $593,832 figures calculated? What is the discount amount? Fixed interest rate?" Id. On September 15, 2015, Dunn responded:

> I have been advised that the way the figures were calculated is proprietary information. It is a fixed rate loan and the 'discount amount' is the amount that has been forgiven. Will your clients accept the loan mod offer?

Id., Ex. 4. On September 18, 2015, Goodfriend replied to Dunn asking more questions about the proposed loan modification and whether it was "a good time to schedule an in-person mediation . . . ." Id., Ex. 6. On October 5, 2015, Dunn responded to Goodfriend by answering some of Goodfriend's questions, but did not mention Goodfriend's proposed mediation. Id., Ex. 8. On October 9, 2015, Dunn responded to Goodfriend, "[a]ttached is the 10/1/15 payoff quote that gives a breakdown of the fees. This is the final bit of information that we were waiting for. Please advise if your clients will accept the loan mod by next Thursday, October 15, 2015." Id., Ex. 9.

On October 16, 2015, plaintiff's counsel rejected the proposed loan modification without providing the defendants a counteroffer or an explanation for the rejection. SGD, No. 26. Plaintiff claims she rejected the offer because it "was vague, unclear[,] and unfair." K. Eisenberg Decl. ¶ 9.

---

need not consider plaintiff's conclusory assertion and these facts do not appear to be disputed. In light of the foregoing, plaintiff appears to object to defendants' evidence. The Court will resolve plaintiff's objections to the extent it is necessary to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

Plaintiff did not make any payments on the Loan after rejecting the proposed loan modification in October 2015. SGD, Nos. 21, 30.

On March 23, 2017, defendants proceeded with foreclosure proceedings by recording a Notice of Default. SGD, No. 28.

### III.  SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

## IV. DISCUSSION

### A. Breach of Contract

Breach of contract is an "unjustified or unexcused failure to perform a contract." Rest.2d, Contracts § 235(2). The elements required to establish a breach of contract are: "(1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). A "bedrock principle of California contract law is that '[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed." Brown v. Dillard's, Inc., 430 F.3d 1004, 1010 (9th Cir. 2005) (quoting Pry Corp. of Am. v. Leach, 177 Cal. App. 2d 632, 639 (1960)).

Plaintiff alleges each of her two remaining claims, breach of contract and declaratory judgment, against Citibank, Homeward, and Power. Power was not a party to the Forbearance Agreement which is the contract in dispute. SGD, Nos. 10, 30-31. Accordingly, the Court **GRANTS** defendants' motion for summary judgment with respect to plaintiff's breach of contract claim against Power.

Given plaintiff's failure to submit a memorandum in opposition to defendants' motion for summary judgment, it is difficult to discern plaintiff's theories for breach of contract. Necessarily relying on her SAC for guidance, it appears as though plaintiff alleges that defendants' breached the Agreement by:

a. Conducting a trustee's sale on or about August 30, 201[2]

b. Failing and refusing to accept a third monthly payment under the Forbearance Agreement

c. Failing and refusing to act in good faith and exercise reasonable diligence to effectuate a reasonable loan modification

SAC ¶ 29. The Court addresses these alleged breaches in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

### 1. The Foreclosure Sale

The Agreement required defendants to temporarily suspend foreclosure proceedings. Plaintiff contends that defendants breached that duty by initiating a foreclosure sale in August 2012. Assuming arguendo that the foreclosure sale was a breach of the Agreement, plaintiff will nonetheless be required to prove that the alleged breach caused her damages, an essential element of her breach of contract claim.

Shortly after the foreclosure sale was initiated, defendants rescinded the sale and provided plaintiff notice of the rescission. The rescission "restore[d] the condition of record title to the . . . [P]roperty . . . and the existence and priority of all lienholders to the status quo prior to the recordation of the trustee's deed upon sale." Cal. Civ. Code § 1058.5(b). Defendants argue that plaintiff has failed to provide evidence of recoverable damages as a result of the foreclosure sale in August 2012. MSJ at 11. The Court agrees.

A party moving for summary judgment bears the burden of providing evidence to negate an essential element of the nonmoving party's claim, or alternatively, showing "an *absence* of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325 (emphasis added). When an absence of evidence is shown, the burden shifts to the nonmoving party to demonstrate the "existence of [that] essential element." Id. at 317. Plaintiff has failed to meet her burden by submitting evidence showing that she was damaged as a result of the rescinded foreclosure sale. Therefore, plaintiff cannot proceed to trial on her claim that defendants breached the Agreement by conducting a foreclosure sale in August 2012.[7]

---

[7] At oral argument, plaintiff's counsel argued for the first time that an attempt to foreclose on the Property in February 2013 was a breach of the Forbearance Agreement. Counsel's argument fails for two reasons. First, the operative complaint makes no allegations about foreclosure proceedings in February 2013 – it only alleges that the August 2012 foreclosure sale was a breach of the Agreement. A plaintiff cannot withstand summary judgment by raising a claim for the first time in opposition to a motion for summary judgment. Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006). Second, assuming arguendo that an attempted foreclosure in February 2013 breached the Forbearance Agreement, plaintiff still presents no evidence demonstrating a material issue of disputed fact regarding her purported damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

### 2. The Third Monthly Payment

There is no material issue of disputed fact regarding whether plaintiff tendered the third forbearance payment. She did not. As far as the Court can discern from plaintiff's SAC, plaintiff frames her failure to complete a third payment as a breach of the Agreement *by defendants* – who, according to plaintiff, breached the Agreement by "[f]ailing and refusing to accept" her third payment.[8] SAC ¶ 29.

---

During oral argument, plaintiff's counsel argued that plaintiff suffered emotional damages and incurred attorneys' fees as a result of an alleged breach in February 2013. However, emotional distress damages cannot, with few exceptions that are inapplicable here, be recovered in a breach of contract action. See Restatement (Second) of Contracts § 353 (1981). Additionally, the Agreement makes no mention of attorneys' fees. Thus, plaintiff cannot recover fees even if she demonstrates breach. See Real Prop. Servs. Corp. v. City of Pasadena, 25 Cal. App. 4th 375, 379 (1994) ("Attorney's fees are not recoverable . . . unless expressly authorized by statute or contract.").

[8] Plaintiff has made conflicting statement regarding *why* she did not make a third payment. On June 12, 2017, plaintiff submitted a declaration which states "AHM advised my husband and I, over the telephone and/or by email, that it would not accept the third payment specified by the Forbearance Agreement, that the Forbearance Agreement had been rendered null and void by the foreclosure sale, that a new agreement would have to be entered into and that AHM would send me the new payment agreement." K. Eisenberg Decl. ¶ 6.

On June 14, 2017, two days after submitting her declaration, plaintiff was deposed. During her deposition, plaintiff contradicted her declaration by stating that she does not recall Henry Cruz, the AHM representative, telling her that the Agreement was void, and was not sure whether he told her that it is null. Dkt. 164-1, Supplemental Declaration of Nicole S. Dunn, Ex. 1 ("Supp. Dunn Decl."). Plaintiff testified that Henry Cruz told her that "he felt that the forbearance agreement, as it had been agreed upon, was supposed to stay in effect." Id.

Although the Court need not resolve whether defendants prevented plaintiff from completing her third payment, plaintiff's claim in her declaration that defendants would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 | |
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | | |

Plaintiff's claim that defendants breached the Agreement by failing to accept her third payment fails because the Agreement imposed no duty upon defendants to *accept* payments. Plaintiff cannot prove breach of the Agreement simply by asserting that her own failure to perform was excused. There must be evidence that defendants breached a contractual promise to perform. Here, the Agreement does not impose a duty upon defendants to accept payments – although their refusal to accept a payment might excuse plaintiff from making the payment. In the absence of any duty to "accept" payments, it is immaterial whether defendants' would have in fact accepted a payment tendered by plaintiff or why plaintiff failed to complete her payment. Whatever the reasons were, plaintiff's failure to complete a third payment cannot, as a matter of law, constitute breach by defendants. See Great Am. E & S Ins. Co. v. Kouw Pinnq Enter. Co., No. EDVC 13-00715-VAP, 2013 WL 5461911, at *4 (C.D. Cal. Sept. 20, 2013) ("If [defendant] has no duty under the contract, there cannot be a breach of contract.").

### 3. The Loan Modification

Plaintiff alleges that defendants breached the Agreement by failing to effectuate a reasonable loan modification. This claim fails because the Agreement did not impose a duty upon defendants to effectuate a loan modification.

The parties do not dispute that plaintiff defaulted upon her loan and, to date, has never cured the default. Under the Agreement, in the event plaintiff was "unable to fully cure [her] [d]efault," she would be "*consider[ed]* for any available and appropriate foreclosure prevention option . . . in accordance with Lender's then current policies and procedures." K. Eisenberg Decl., Ex. 1 at 1 (emphasis added). In addition, the Agreement states that the "[l]ender *[does] not guarantee[] or assure[]*" plaintiff that either she or "the Loan *will qualify or be accepted* . . . for *any* Foreclosure Prevention Option." Id (emphasis added). Thus, the Agreement did not require defendants to offer a loan modification at all, let alone one that plaintiff would accept. Instead, the Agreement required defendants to *consider* plaintiff for foreclosure prevention options in the event

---

not accept her third payment is further belied by two other undisputed facts. The foreclosure sale occurred on August 30, 2012, prior to plaintiff's *second* payment – which she completed – and rescinded on or around September 28, 2013, before plaintiff's third forbearance payment was due.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS(JPRx) | | | | Date | July 10, 2017 | |
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | | | | | |

she was not able to cure her default. It is undisputed that defendants did so.[9] SGD No. 23.

Plaintiff appears to assert that the loan modification offer was unreasonable because she was not provided with enough information regarding why it contained certain terms. However, plaintiff cannot prove that defendants breached the Agreement by failing to modify her loan where the forbearance agreement "unambiguously disclaimed any guarantee of a permanent mortgage modification." Johnson v. Aurora Bank, F.S.B., Case No. 14-cv-05424-JSC, 2015 WL 1306466, at *8 (N.D. Cal. Mar. 23, 2015). The Ninth Circuit has instructed that "only a very clear promise to provide a loan modification in a forbearance agreement will give rise to breach of contract." Id. There was no such promise here and it is undisputed that defendants satisfied their limited duty to consider a loan modification. Plaintiff presents no evidence to the contrary.

### 4. Summary

Defendants have demonstrated an absence of evidence supporting plaintiff's claim for breach of contract and plaintiff has failed to submit any evidence creating a material issue of disputed fact. Therefore, the Court **GRANTS** defendants' motion for summary judgment with respect to plaintiff's breach of contract claim.

### B. Declaratory Judgment

Plaintiff's SAC seeks a declaratory judgment of the rights and duties of the parties under the Foreclosure Agreement. Declaratory relief may be granted when an "actual"

---

[9] At oral argument, plaintiff's counsel reiterated plaintiff's contention that the proposed loan modification during these proceedings was unreasonable. However, if this case were to proceed to trial, plaintiff would be required to prove that defendants failed to "consider . . . a foreclosure prevention option . . . in accordance with [defendants'] then current policies and procedures." Plaintiff has not presented any evidence from which a trier of fact could reasonably conclude that defendants never considered a different option that would have been "available and appropriate" and consistent with defendants' then-existing policies. The only foreclosure prevention option discussed by plaintiff is a loan modification, which she acknowledges defendants considered. See SGD No. 23

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

and "present controversy" exists "over a proper subject." 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 817, p. 273.

Here, plaintiff's declaratory relief claim is predicated upon defendants' purported breach of the Agreement. Because the Court concludes defendants have not breached the forbearance agreement, there is no longer an actual or present controversy such that declaratory relief would be appropriate. Accordingly, the Court **GRANTS** defendants' summary judgment with respect to plaintiff's declaratory judgment claim.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | 24 |
|---|---|---|
| Initials of Preparer | CMJ | |