UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION TO EXTEND THE TIME TO MOVE FOR ATTORNEYS' FEES BASED ON EXCUSABLE NEGLECT AND MOTION FOR ATTORNEYS' FEES AND COSTS (Filed August 16, 2017, Dkt. 184)

## I.    INTRODUCTION

On February 8, 2013, plaintiff Kathleen Eisenberg filed this action in Los Angeles County Superior Court against Citibank, N.A., as trustee for American Home Mortgage Assets Trust 2006-4 Mortgage-Backed Pass-Through Certificates Series 2006-4 ("Citibank"), Homeward Residential, Inc. ("Homeward"), and Power Default Services, Inc. ("Power") (collectively, "defendants"). Dkt. 1. The original complaint alleged four claims: (1) rescission; (2) breach of contract; (3) unfair business practices in violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 et seq. ("UCL"); and (4) declaratory relief. The Superior Court issued a Temporary Restraining Order enjoining defendants from foreclosing on plaintiff's home at 25431 Prado De Las Fresas, Calabasas, CA 91302 ("the Property"). Id.

On March 13, 2013, defendants removed the action to this Court, asserting diversity jurisdiction. Dkt. 1. On April 14, 2013, the Court granted defendants' motion dismiss the complaint for failure to state a claim upon which relief may be granted. Dkt. 17. On May 28, 2013, plaintiff filed a First Amended Complaint ("FAC"), which defendants promptly moved to dismiss. Dkt. 25. On July 1, 2013, the Court found the case appropriate for participation in Loan Modification Mediation through the Alternative Dispute Resolution Program of the Central District of California and took the motion to dismiss the FAC under submission pending loan modification negotiations between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

parties. Dkt. 35. The parties were unsuccessful in their negotiations, which lasted around two-and-a-half years.

On June 15, 2016, the Court granted in part and denied in part defendants' motion to dismiss the FAC. Dkt. 89. The Court dismissed plaintiff's rescission and UCL claims without prejudice. Id. On August 24, 2016, plaintiff filed a Second Amended Complaint ("SAC"). Dkt. 108. On August 29, 2016, defendants moved a second time to dismiss the UCL and rescission claims in the SAC. Dkts. 108, 109. On October 21, 2016, defendants filed a motion to dissolve or modify the preliminary injunction issued by the Superior Court. Dkt. 118. On November 29, 2016, the Court dismissed plaintiff's UCL and rescission claims with prejudice, and granted the defendants' motion to dissolve the preliminary injunction. Dkts. 129, 130. On July 10, 2017, the Court granted defendants' motion for summary judgment on plaintiff's remaining breach of contract and declaratory judgment claims. Dkt. 147. On July 13, 2017, the Court entered judgment in favor of defendants. Dkt. 180. Plaintiff filed a notice of appeal on August 14, 2017. Dkt. 181.

On August 16, 2017, defendants filed the instant motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) based on provisions included in plaintiff's loan and deed of trust agreements. Dkt. 184 ("Mot."). Defendants acknowledge their motion is untimely under Rule 54(d)(2), but request an extension of time to file the motion based on excusable neglect. Mot. at 3–4. Plaintiff did not file a memorandum in opposition, but her counsel appeared at the hearing held on September 25, 2017. Defendants filed a supplemental declaration on September 29, 2017. Dkt. 192 ("Second Dunn Decl."). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On July 24, 2006, plaintiff obtained a $2,201,000 loan from non-party American Home Mortgage ("AHM"), evidenced by a Promissory Note ("the Note"). Dkt. 160 (Plaintiff's Statement of Genuine Disputes of Material Fact, hereinafter "SGD"), No 1. The Note was secured by a Deed of Trust ("DOT") against the Property. SGD, No. 2. From 2006 until 2013, the loan servicer was Homeward. SGD, No. 3. The DOT specified AHM as the lender, non-party Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary, and First American Title Company as the trustee. Mot., Ex 1. On April 27, 2010, AHMSI Default Services, Inc. ("AHMSI") substituted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

First American Title as trustee, pursuant to a recorded Substitution of Trustee. SGD, No. 4. On August 31, 2011, all interests under the DOT were assigned to Citibank as trustee under an Assignment of Deed of Trust. SGD, No. 5.

On November 17, 2011, as a result of plaintiff's failure make timely payments on the Note, a Notice of Default was recorded. SGD, No. 6; Second Dunn Decl., Ex. 1. On February 23, 2012, Power substituted AHMSI as trustee, pursuant to a recorded Substitution of Trustee. SGD, No. 7. That same day, a Notice of Trustee's Sale was recorded. SGD, No. 8.

On August 7, 2012, Homeward and plaintiff executed a Forbearance Agreement, whereby plaintiff was required to make three monthly forbearance payments of $14,033.08 from August 2012 until October 2012. SGD, No. 9; Mot., Ex. 3. In accordance with the agreement, plaintiff made two payments in the required amount on August 9, 2012, and September 11, 2012. SGD, No. 11. On August 30, 2012, a trustee's foreclosure sale of the Property was conducted. SGD, No. 12. About a month later, on or around September 28, 2012, the foreclosure sale was rescinded pursuant to a Notice of Rescission of Trustee's Deed Upon Sale. SGD, No. 13.

Plaintiff never made a third forbearance payment. SGD, Nos. 14–15. Defendants submitted evidence that the loan had an unpaid principal balance of $2,832,202.37, and that the total amount due on the Note was $3,763,777.02. Dkt. 150. On November 1, 2012, a Homeward representative informed plaintiff's husband, David Eisenberg, of the rescission of the foreclosure sale. SGD, No. 16. On February 7, 2013, a Homeward representative and David Eisenberg conferred about new payment arrangements, after which the instant action was filed. SGD, No. 17.

In accordance with the Court's order to mediate this matter, the parties attempted mediation for about four months, but failed. Dkt. 42. On October 16, 2015, plaintiff's counsel rejected the proposed loan modification without providing the defendants a counteroffer or an explanation for the rejection. SGD, No. 26. Plaintiff did not make any payments on the Note after rejecting the proposed loan modification in October 2015. SGD, Nos. 21, 30. On March 23, 2017, defendants proceeded with foreclosure proceedings by recording a Notice of Default. SGD, No. 28. The Notice of Default declared all sums secured by the Note to be immediately due and payable. Second Dunn Decl., Ex. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

## IV.  DISCUSSION

### A.  Extension of Time to Move for Attorneys' Fees and Costs

Rule 54(d)(2) provides that a motion for attorneys' fees must be filed no later than 14 days after entry of judgment, unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B)(i); see also C.D. Cal. L.R. 54-10 (the motion must be filed within 14 days of the entry of judgment or other final order, unless otherwise ordered by the court). Defendants acknowledge that their motion is untimely, but request an extension of time based on the excusable neglect of counsel. Mot. at 3–4.

Although the 14-day period is not jurisdictional, failure to comply with Rule 54(d)(2) is sufficient reason to deny a motion for attorneys' fees absent a compelling showing of good cause. Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 676 (9th Cir. 2017). However, addressing an analogous procedural rule, the Supreme Court has held that courts are permitted to accept late filings upon a showing that the failure to comply with the deadline was due to excusable neglect, including inadvertence, mistake or carelessness, as well as intervening circumstances beyond the party's control. Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993). The Supreme Court identified four factors to be considered in determining the existence of excusable neglect: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. Id.

Counsel for defendants indicate that they simply miscalendared the deadline to file the motion for attorneys' fees. Mot. at 3, First Dunn Decl. ¶ 3. Nonetheless, the parties did meet and confer via email to discuss a settlement offer whereby defendants offered not to seek attorneys' fees in exchange for plaintiff's waiver of her right to appeal. Mot. at 3–4, First Dunn Decl. ¶ 5, Ex. 4. This settlement offer was rejected. Id. Applying the Pioneer factors, the Court first finds no danger of prejudice to plaintiff. Defendants signaled their intent to move for attorneys' fees, thus there was no unfair surprise. Plaintiff also had the opportunity to oppose the motion but chose not to do so. Second, the length of delay is only 20 days and there is no substantial impact on any judicial proceedings. Third, the delay was the result of a calendaring error, which has been held to constitute excusable neglect under Pioneer where the other factors militate in favor of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

the moving party. See Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (holding that the district court did not abuse its discretion in finding excusable neglect for untimely filing of notice of appeal due to the failure of a law firm's calendaring system). Fourth, there is no indication that defendants are not acting in good faith.

Accordingly, the Court concludes that defendants' calendaring error constitutes excusable neglect and permits the late filing.

### B. Entitlement to Attorneys' Fees and Costs Based on Contract

Rule 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." Id. at 1281 (quoting Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such award." Abrams, 50 F.3d at 1224. When a district court "exercis[es] its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, 197 F.3d at 1281 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n.31 (1975)).

California has codified the American Rule in Code of Civil Procedure section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Code Civ. Proc., § 1021; see Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143–44 (1998) (explaining that section 1021 codifies the rule that "each party to a lawsuit must ordinarily pay his or her own attorney's fees"). The freedom to contract out of the American Rule is limited by California Civil Code section 1717, which authorizes reasonable attorneys' fees "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party." Cal. Civ. Code, § 1717(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

In order to recover attorneys' fees under Civil Code section 1717(a), (1) a contract must authorize such fees, (2) the party seeking attorney fees must be the prevailing party, and (3) the fees incurred must be reasonable. Johnston v. Lindauer, No. 2:07-cv-01280, 2010 WL 2850767, at *4 (E.D. Cal. July 20, 2010). The party seeking attorney fees must show that the claim fell within the scope of the contract provision allowing attorney fees. Baldain v. Am. Home Mortg. Servicing, Inc., No. CIV. S–09–0931 LKK/GGH, 2010 WL 2606666, at *5 (E.D. Cal. June 28, 2010). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013); see also Baldain, 2010 WL 2606666, at *2 ("Federal courts apply state law in interpreting and enforcing fee shifting agreements").

Defendants argue that they are contractually entitled to recover attorneys' fees and costs pursuant to a Rule 54(d)(2) and California Civil Code section 1717(a) motion based on Sections 9 and 14 of the DOT and Section 7(e) of the Note. Mot. 4–5.

Section 9 of the DOT provides, in relevant part:

> If . . . there is a legal proceeding that might significantly affect lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations) . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to . . . appearing in court [and] paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . . [¶] Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

Mot. Ex. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

This Court recently considered an identical provision in a deed of trust and concluded that it does not entitle a prevailing party to recover attorneys' fees through a Rule 54(d)(2) motion. See DuFour v. Allen, No. 14-CV-05616-CAS(SSx), 2017 WL 1433303, at *6 (C.D. Cal. Apr. 20, 2017). Rather, Section 9 authorizes attorneys' fees to be added to the borrower's outstanding debt secured by the DOT. Mot. Ex. 1. Other courts have considered the same language and reached the same conclusion. See, e.g., Ruegsegger v. Homeward Residential, Inc., No. G052879, 2017 WL 4129564, at *3 (Cal. Ct. App. Sept. 19, 2017); Tyler v. Wells Fargo Bank, N.A., No. E063985, 2016 WL 3752394 (Cal. Ct. App. July 8, 2016); Valencia v. Carrington Mortg. Servs., LLC, No. 10-cv-00558-LEK, 2013 WL 3223628, at *10 (D. Haw. June 25, 2013).

Defendants also rely on Section 14 of the DOT, Mot. at 5, which provides as follows: "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's Interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees . . . ." Mot. Ex. 1. Again, however, this provision appears to permit the lender to add any attorneys' fees that it may have incurred to the outstanding amount owed by the borrower; it does not render the borrower personally liable for those amounts. See Ruegsegger, 2017 WL 4129564, at *3 (finding that identical deed of trust "sections 9 and 14 do not include prevailing party attorney fee clauses").

Finally, defendants rely on Section 7(e) of the Note. Mot. at 5. Section 7(b) provides that the borrower will be in default if he or she fails to pay the full amount of each monthly payment on the date it is due. Mot. Ex. 2. Section 7(c) includes an acceleration clause: "If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." Id. Section 7(e) provides: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note . . . . Those expenses include, for example, reasonable attorneys' fees." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

The Court finds that Section 7(e) constitutes a valid fee-shifting provision. See Boring v. Nationstar Mortg., LLC, No. 2:13-cv-01404-GEB-CMK, 2016 WL 3192586 (E.D. Cal. June 9, 2016); Gabrielian, 2013 WL 7098625, at *2; Johnston, 2010 WL 2850767, at *4; Whittle v. Wells Fargo Bank, N.A., No. CV F 10-0229 LJO SMS, 2010 WL 1444675, at *3 (E.D. Cal. Apr. 12, 2010). To the extent the note holder must invoke the acceleration clause and provide notice to the borrower as provided in Section 7(c) in order to collect attorneys' fees under Section 7(e), defendants have satisfied this condition. The Notice of Default recorded on November 17, 2011 invoked the Note's acceleration clause by declaring all sums secured by the Note to be "immediately due and payable." Second Dunn Decl., Ex. 1. Homeward and plaintiff subsequently executed a Forbearance Agreement on August 7, 2012. SGD, No. 9; Mot., Ex. 3. Then, after the parties' loan modification negotiations failed, defendants proceeded with foreclosure proceedings by recording a second Notice of Default on March 23, 2017, which also invoked the Note's acceleration clause. Second Dunn Decl., Ex. 4.

Defendants are the prevailing parties in this action under California Civil Code section 1717(a), since the Court dismissed plaintiff's UCL and rescission claims with prejudice and granted defendants' motion for summary judgment on the remaining breach of contract and declaratory judgment claims. Moreover, defendants are entitled to reasonable attorneys' fees and costs in defending this action under Section 7(e) of the Note because plaintiff's claims challenged the underlying validity of her mortgage obligation and defendants' right to foreclose on the Property. See Siligo v. Castellucci, 21 Cal.App.4th 873, 878 (1994) ("California law is settled that an obligation to pay attorney fees incurred in the enforcement of a contract includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation.") (internal quotation marks and citation omitted). Accordingly, defendants are entitled to an award of reasonable attorneys' fees and costs based on Section 7(e) of the Note.

### C. Reasonableness of Defendants' Request for Fees and Costs

California Civil Code section 1717(a) provides that "[r]easonable attorney's fees shall be fixed by the court." The "court has broad authority to determine the amount of a reasonable fee." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000), as modified (June 2, 2000). Generally, the court begins by calculating the "lodestar," that is, the number of hours reasonably expended multiplied by the reasonable hourly rate. Id.; see also McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009). In determining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

the lodestar, the court must look to the prevailing market rates in the relevant community (generally the forum in which the district court sits) for similar work by attorneys of comparable skill, experience, and reputation. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979–80 (9th Cir. 2008). In addition, the court may consider "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th Cir. 1986).

Defendants request $74,090.90 in attorneys' fees. This amount excludes fees incurred in drafting the instant motion. Mot. at 7. In support of this request, defendants submitted detailed billing statements from February 2013 through August 2017 indicating that counsel for defendants Wright Finlay & Zak, LLP billed at total of 323 hours in defending this action. Mot. at 7; First Dunn Decl. ¶ 8. The majority of this work was performed by an associate with 16 years of litigation experience, Nicole S. Dunn, whose hourly billing rate varied between $220 and $250. Mot., Ex. 5. One of the firm's partners, T. Robert Finlay, also performed work on the case and billed between $248 and $275 per hour. Id. The work performed by these attorneys included: (1) drafting the motions to dismiss, the motion to dissolve the preliminary injunction, and the motion for summary judgment; (2) preparing for and attending various hearings; (3) meeting and conferring with opposing counsel regarding discovery, trial, and pleading matters and participating in mediation and settlement negotiations; (4) propounding and responding to written discovery, and drafting motions to compel responses to written discovery and plaintiff's deposition. First Dunn Decl. ¶ 10; see also Ex. 5. Plaintiff did not file an opposition to defendants' request for fees, nor did plaintiff's counsel raise any objections at the hearing held on September 25, 2017.

The Court has reviewed similar cases and finds that the attorneys' fees awards have been substantially less than those sought in this case. See, e.g., Marino v. Wells Fargo Bank, N.A., No. CV124600PSGFFMX, 2013 WL 12142597, at *4 (C.D. Cal. Jan. 3, 2013) (awarding $8,404.50 in attorneys fees based on hourly billing rates ranging from $160 to $265 per hour); Ortiz v. Wells Fargo Bank, N.A., No. 11–04639–RGK, 2011

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:13-cv-01814-CAS(JPRx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | KATHLEEN ANGEL EISENBERG v. CITIBANK, N.A. | | |

U.S. Dist. LEXIS 133882, at *9 (C.D. Cal. Nov. 10, 2011) (awarding $13,552 in attorneys' fees at hourly billing rates ranging from $275 to $330); Neufeld v. Wells Fargo Home Mortg., Inc., No. SACV 10-01620 JVS (AJWx), 2011 U.S. Dist. LEXIS 63238, at *5–7 (C.D. Cal. June 13, 2011) (awarding $17,603.50 in attorneys' fees at hourly billing rates ranging from $265 and $350). On the other hand, this case has been litigated for nearly five years, and counsel for defendants performed a substantial amount of work—including two motions to dismiss, a motion to dissolve the preliminary injunction, and a motion for summary judgment; prolonged mediation regarding loan modifications and settlement negotiation; in addition to written discovery and taking plaintiff's deposition. While the Court does not doubt that counsel for defendants incurred the amount of fees set forth in their billing records, $74,090.90 appears to be excessive when compared to similar cases. Accordingly, the Court exercises its discretion to reduce fees by 25 percent and awards $55,568.18 to defendants.

Defendants also request $8,195.71 in costs. However, defendants did not submit a bill of costs to the Clerk of Court pursuant to Rule 54(d)(1) and Local Rule 54-1. Nor have defendants provided any evidence to support an award of costs in the amount requested. Thus, the Court is unable to determine whether the costs incurred by defendants are reasonable. Accordingly, defendants are directed to submit additional evidence to support their request for costs incurred in defending this action.

## V.  CONCLUSION

Based on the foregoing, the Court GRANTS defendants' motion for an extension of time and defendants' motion for attorneys' fees and costs. The Court awards defendants $55,568.18 in attorneys' fees. Defendants are directed to submit additional evidence to the Court in support of their request for costs.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |